UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Scott Caley, # 13755-171, | ) C/A No. 9:08-2146-GRA-GCK |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Warden John LaManna; | ) |
| United States of America, | ) |
| | ) |
| Respondents. | ) |

## *Background of this Case*

The petitioner is a federal prisoner at FCI-Edgefield. He is currently serving a sentence of sixty (60) months imposed in *United States v. Christopher Scott Caley*, Criminal No. 8:05-1270-GRA-1 (DSC). On December 13, 2005, the Grand Jury indicted the petitioner on three counts relating to material constituting or containing child pornography. A plea agreement was filed with the court on February 17, 2006. The petitioner entered a guilty plea to Count 1 of the Indictment on June 27, 2006. On August 23, 2006, the Honorable G. Ross Anderson, Jr., United States District Judge, sentenced the petitioner to sixty (60) months in prison to be followed with three (3) years of supervised release with sex offender registration and computer monitoring by the United States Probation Office. The petitioner's direct appeal (Fourth Circuit Docket No. 06-4902) is pending before the United States Court of Appeals for the Fourth Circuit.

1

The exhibits appended to the petition indicate that the petitioner's new appellate counsel and counsel for the United States on appeal have reached an agreement on the disposition of the pending appeal and have submitted a JOINT MOTION TO VACATE AND REMAND. *See* Entry No. 1-3, at pages 1-2, which is dated March 27, 2008. The United States Court of Appeals for the Fourth Circuit has not yet acted on the JOINT MOTION TO VACATE AND REMAND. In the petition (Entry No. 1-1), the petitioner seeks a writ of habeas corpus ad subjiciendum at common law and contends that, in light of the JOINT MOTION TO VACATE AND REMAND filed in the United States Court of Appeals for the Fourth Circuit, he should not be kept in prison.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned case is, obviously, premature because the petitioner has two (2) available judicial remedies: his pending direct appeal,[3] and, if necessary, a motion under 28 U.S.C. § 2255.[4] *See Irby v. Beeler*, 1989 WL 152851 (N.D. Ill., Nov. 13, 1989).

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

[3]It is well settled that a direct appeal is a viable court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-52 (1989).

[4]Federal prisoners seeking relief from convictions entered in a United States District Court must use a Form AO 243 ("MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY"). Also, if a federal prisoner has a direct appeal pending, federal courts will usually dismiss a Section 2255 petition *without prejudice* with leave to file a new Section 2255 petition after the judgment in the pending direct appeal becomes final. *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959). *See also United*
(continued...)

## Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondents to file a return.*[5] *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); and *Baker v. Marshall*, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."). The petitioner's attention is directed to the notice on the next page.

June ___, 2008  
Charleston, South Carolina

George C. Kosko  
United States Magistrate Judge

---

[4](...continued)  
*States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending."). *See also* Rules Governing Section 2255 Proceedings, Rule 5, Advisory Committee note (collecting cases).

[5] Since the petitioner's direct appeal is pending, it is not necessary for this district court to determine whether the petitioner's claims are even cognizable under 28 U.S.C. § 2241. *But see United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005); and *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico).

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied, Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).