UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Christopher Scott Caley, # 13755-171, | ) | C/A No.:9:08-cv-2146-GRA-GCK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Warden John LaManna; and the United States of America, | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the Court to review Magistrate Judge Kosko's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(c), D.S.C., filed June 20, 2008. For the reasons stated herein, this Court adopts the Recommendation in its entirety.

### **Background**

The petitioner is currently serving a sixty month sentence for pleading guilty to a single count of distributing material containing child pornography. The petitioner appealed this sentence to the Fourth Circuit on August 28, 2006. His appeal is still pending. On March 27, 2008, both the government and the petitioner's appellate counsel filed a joint motion to vacate the petitioner's conviction and remand this matter back to the district court. This motion is still pending.

### **Standard of Review**

Petitioner brings this claim *pro se.* This Court is required to construe *pro se*

pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454  U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Petitioner filed timely objections.

### Objections

Petitioner objects that the magistrate misconstrued his common law habeas corpus *ab subjiciendum* as a statutory habeas corpus under 28 U.S.C. § 2241. "However, for the meaning of the term habeas corpus, resort may unquestionably be had to the common law; but the power to award the writ by any of the courts of the

United States, must be given by written law." *Jackson v. United States*, Civ. Act. No.:9:06-cv-2048-RBH, 2007 WL 1725239 (D.S.C. June 8, 2007) (quoting *Carbo v. United States*, 364 U.S. 611, 614 (1961)).  Thus, the magistrate did not err by construing the petitioner's common law habeas as a § 2241 petition.

Next, Petitioner argues that the magistrate erred by characterizing his petition as a motion for collateral review.  He argues that the Fourth Circuit has denied him due process by taking over two years to render a decision on his direct appeal, and it is this constitutional violation for which he seeks a habeas corpus.  Essentially Petitioner is arguing that the Fourth Circuit is delaying his release date. (Petition at Ex. 2.)  This is a challenge to the execution of his sentence.  By construing the petition as one brought under § 2241, the magistrate correctly considered the petition as one challenging the execution of his sentence not as one for collateral review.  *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) ("challenges to the execution of a federal sentence are properly brought under 28 U.S.C.A. § 2241.").  Therefore, this objection is without merit.

## Conclusion

After a thorough review of the record, the Report and Recommendation, and the petitioner's objections, this Court finds that Judge Kosko applied sound legal principles to the facts of this case.   Therefore, this Court adopts the Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT this petition be dismissed without

prejudice and without requiring the respondents to file a return.

    IT IS SO ORDERED.

                                              G. ROSS ANDERSON, JR.
                                              UNITED STATES DISTRICT JUDGE

July 28, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**